# ATKINSON LAW, LLC
**122 LITCHFIELD RD., STE. 2**
**P.O. BOX 340**
**HARWINTON, CT 06791**
**TELEPHONE 203-677-0782**

**CAMERON L. ATKINSON, ESQ. (catkinson@atkinsonlawfirm.com)**

AUGUST 28, 2023

Catherine O'Hagan Wolfe
Clerk – U.S. Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

VIA CM/ECF

**RE:** *Nastri v. Dykes*, **No. 23-1023**

Greetings Mrs. O'Hagan Wolfe,

Per the Court's July 28, 2023 order (ECF 12), I write to inform the Court that, on August 16, 2023, the district court decided the only and last outstanding motion before it – Mr. Nastri's motion for reconsideration. A copy of that dispositive order is attached to this letter.

The district court then entered final judgment in the matter on August 22, 2023. Mr. Nastri filed an amended notice of appeal on August 28, 2023, and there are no further outstanding matters before the district court.

Thus, Mr. Nastri respectfully requests that the Court lift the order holding this appeal in abeyance and permit it to be heard in the normal course of business.

Regards,

/s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.

CC via ECF: All counsel of record.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID NASTRI,<br><br>*Plaintiff*,<br><br>v.<br><br>KATIE DYKES, Commissioner for the Department of Energy and Environmental Preservation,<br><br>*Defendant*. | Civil No. 3:23-cv-0056 (JBA)<br><br>August 16, 2023 |

**RULING ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

Plaintiff moves for reconsideration [Doc. # 49] of this Court's order dismissing the case for lack of standing, arguing that the Defendant and the Court did not make clear that the issue of whether there was a credible threat of prosecution was at issue, and as a result, he failed to submit evidence he now asks the Court to consider. (*See* Pl.'s Mem. in Support of Mot. to Recon. [Doc. # 50].) Plaintiff's proposed evidence is Defendant's response to his interrogatories regarding DEEP's recorded enforcement of the Challenged Regulation.[1] Defendant opposes, arguing that the Court lacks jurisdiction to consider the motion, that the evidence is not appropriate for consideration because Defendant did not have the opportunity to address it at the evidentiary hearing, and that it would not have changed the outcome of the motion. (Def.'s Object. to Pl.'s Mot. to Recon [Doc. # 54].)

---

[1] Specifically, the evidence responds to Interrogatory # 18, which sought the number of times "DEEP has arrested or cited someone for a violation" of the Challenged Regulation "since January 1, 2013" (Pl.'s Mot. to Recon., Exhibit A, Def.'s Answers to Pl.'s Interrogatories [Doc. # 50-1] at 11.) Defendant objected to the interrogatory on multiple grounds, but provided the information "[s]ubject to and without waiving objection." *Id.* at 12. The format of the data was a two-column chart showing the year and the number of times that the Challenged Regulation was enforced, and provided no further information on its source.

For the reasons set forth below, Plaintiff's motion is DENIED.

**I.     Background**

The Court assumes familiarity with the facts and procedural background of this case. Relevant to this motion, Defendant filed a motion to dismiss [Doc. # 20] on March 30, 2023 based solely on the grounds that Plaintiff did not plausibly allege the various requirements necessary to establish pre-enforcement standing under *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014). In her motion to dismiss, Defendant noted that "Plaintiff does not allege that he has ever been arrested, fined, evicted, or subject to any other adverse action for carrying handgun in a state park or forest, or that the State has threatened to take any such action against him." (Def.'s Mot. to Dismiss at 2.) Defendant acknowledged that "[w]hen an individual is subject to such a threat [of enforcement], an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law," *Driehaus,* 574 U.S. at 158-159, so long as the plaintiff has "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder[.]" *Id.* at 159. Defendant further noted that the "threat of future enforcement must also be 'sufficiently imminent.'" (Def.'s Mot. to Dismiss at 4) (quoting *Driehaus*, 574 U.S. at 59).

In his opposition, Plaintiff argued that "[i]f he violates the law, he will face punishment. Thus, the Court should find that he has plausibly alleged a particularized injury," and supported that argument with examples of the penalties and consequences he could face for violating the Challenged Regulation. (Pl.'s Opp'n to Mot. to Dismiss [Doc. # 27] at 7.) In her reply, Defendant reemphasized the need for Plaintiff to demonstrate a credible threat of enforcement for violating the Challenged Regulation, asserting that "Plaintiff cannot establish concrete intent *or a credible threat of prosecution*" (Def.'s MTD Reply [Doc. # 33] at 6) (emphasis added), discussing several supporting cases. (*See id.* at 6-7.) The Court

2

informed the parties in advance via email that it would be hearing argument on the issue of standing at the scheduled preliminary injunction hearing; both parties, as well as the Court, asked questions of the witnesses regarding whether and how often the Challenged Regulation was enforced.

The Court issued its ruling dismissing the case for lack of standing on July 12, 2023 [Doc. # 46]. Plaintiff filed a notice of appeal with the Second Circuit on July 12, 2023 and filed a motion to reconsider the order of dismissal on July 17, 2023; the Second Circuit issued an order holding the appeal in abeyance until the resolution of this motion.

## II.     Legal Standard

"The major grounds justifying reconsideration" under both Second Circuit precedent and D. Conn. Loc. R. 7(c) "are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790.) "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made," *Caires v. Adams,* No. 3:17-CV-1993(AWT), 2019 WL 8807865, at *1 (D. Conn. Apr. 23, 2019),[2] nor to "advance new facts, issues or arguments not previously presented before the [c]ourt." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The standard for granting a motion for reconsideration is "strict," *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995), and a motion for reconsideration is not "a vehicle for relitigating old issues," *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).

---

[2] Unless otherwise indicated, internal citations, quotation marks, and other alterations are omitted throughout in text quoted from court decisions.

3

III.    Discussion

    A.    Jurisdiction

"A federal district court and a federal court of appeals should not assert jurisdiction over a case simultaneously." *Rich v. Associated Brands, Inc.*, No. 08-CV-666S, 2009 WL 236055, at *1 (W.D.N.Y. Jan. 30, 2009). A timely motion for reconsideration "renders an otherwise final decision of a district court not final for purposes of appeal." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

Defendant asserts that this Court lacks jurisdiction to consider the motion to reconsider because Plaintiff has already filed a notice of appeal. (Def.'s Object. at 2.) In *Miller v. Superintendent of the Shawangunk Corr. Facility*, No. 18-CV-1762 (RA), 2020 U.S. Dist. LEXIS 198711, at *2 (S.D.N.Y. Oct. 26, 2020), the district court dismissed a motion for reconsideration for lack of jurisdiction because "[a]lthough a district court may retain jurisdiction over a motion for reconsideration that is filed *before* a notice of appeal, here, where the motion for reconsideration was filed four days *after* the notice of appeal, that rule does not apply," based on the general rule that a "federal district court and a federal appellate court may not maintain simultaneous jurisdiction over a case." *Id.*

However, because the Second Circuit is holding the appeal in abeyance pending this ruling, there is no simultaneous assertion of jurisdiction; the Second Circuit will not rule on the judgment until it is final following the Court's ruling on this motion. Further, the Second Circuit has recognized that "[t]he divestiture of jurisdiction rule is . . . not a per se rule. . . its application is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir.1996). Following *Rodger's* guidance, one district court has

4

determined that it was appropriate to issue "clarification to aid the appeal process and to serve the interests of judicial economy" even when motion for clarification of the judgment in the case was filed after the notice of appeal had already been filed. *In re M/V DG HARMONY*, No. 98 CIV. 8394 (DC), 2007 WL 895251, at *2 (S.D.N.Y. Mar. 16, 2007).

Because the Second Circuit has held the appeal in abeyance pending resolution of this motion rather than asserting exclusive jurisdiction over Plaintiff's appeal, the Court concludes that as in *In re M/V DG HARMONY*, it is appropriate to consider the merits of Plaintiff's motion for reconsideration and that it retains the jurisdiction to do so.

**B.     Merits**

Plaintiff seeks reconsideration on the basis that "the Defendant never raised a claim that it did not enforce the law or that Nastri had not alleged a credible threat of prosecution," and that he "fairly relied on the parties' framing", which "led him to reasonably believe that the issue of whether he faced a credible threat of prosecution based on the Defendant's record of enforcing the law was not in dispute." (Pl.'s Mem. at 2-3.) Plaintiff acknowledges that the Court may take up the issue of standing *sua sponte,* but he submits that if he had known the credible threat of prosecution was disputed, he would have introduced interrogatory responses from Defendant showing that "the number of times that [DEEP] enforced" the Challenged Regulation was between 1 and 10 per year between 2016 and 2022. (*Id.* at 2, 5.) In Plaintiff's view, these statistics "weigh in favor of the Court revisiting its finding" that there was no credible threat of prosecution, and failure to consider this evidence would be a "manifest" injustice. (*Id.* at 2, 4.) Defendant maintains that the Court should decline to consider the evidence because it was available at the time the substantive motion was decided, and because it was not offered, Defendant was given no opportunity to challenge its admissibility or offer arguments as to its weight; even if considered, however, Defendant argues that the evidence is consistent with testimony that the regulation was only

rarely enforced, and does not rise to the level of establishing a credible threat of prosecution sufficient to demonstrate standing. (Def.'s Opp'n at 1.)

Plaintiff's position that the lack of a credible threat of prosecution was not raised by Defendant, and that the Court's ruling was a manifest injustice because it dismissed the case *sua sponte* based without giving Plaintiff a chance to be fully heard on that issue, is without merit. "Plaintiffs bear the burden of alleging facts that demonstrate standing," *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 CIV. 2437 (RJS), 2012 WL 13065889, at *2 (S.D.N.Y. Feb. 3, 2012), and Defendant's motion to dismiss put Plaintiff on notice that she was challenging the complaint's sufficiency as to his pre-enforcement standing claim. The Court recognizes that Defendant's motion to dismiss focused more attention on whether Plaintiff's intention to engage in the proscribed conduct was sufficiently concrete, and whether he planned to visit state parks and forests in the immediate future, than on the issue of credible threat of prosecution. However, both of those questions are inherently tied to the question of whether a credible and imminent threat of enforcement existed under the *Driehaus* test. The core premise of pre-enforcement challenges, which are exceptions to the general rule that a plaintiff must already have suffered an injury to have standing, is that a plaintiff need not actually commit an illegal act and wait until what he believes is an unlawful regulation or statute is enforced against him to challenge it if—and *only* if—he would be in real danger of having the law enforced against him were he to engage in that conduct. *See Driehaus*, 573 U.S. at 159 ("[W]e have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent").

The record demonstrates that Plaintiff recognized the need to show a credible threat of enforcement. His briefing acknowledges that the need to show that a threatened injury is "*certainly impending*" under *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013), "largely aligns" with the "concreteness requirement of a 'credible threat of prosecution'"

6

(Pl.'s MTD Opp'n at 5) (quoting *Driehaus,* 573 U.S. at 159). The Court opened the hearing by reminding counsel that "standing is jurisdictional and therefore required to be established." (Prelim. Inj. Day 1 Hrg. Tr. [Doc. # 37] at 10.) In addition to numerous questions about the potential threat of enforcement from Defendant's counsel, the Court also questioned Plaintiff on whether he was aware of anyone who had had the regulation enforced against him, to which he replied he was not. (Prelim. Inj. Day 2 Hrg. Tr. [Doc. # 44] at 238.) In closing statements, Plaintiff's counsel analogized his case to *Steffel v. Thompson*, arguing that in both cases, "a cessation or ceasing of desired conduct *based on a threat of prosecution*" should be sufficient to confer standing. (*Id.* at 355) (emphasis added). Counsel directly acknowledged the question as to whether there was a credible threat of prosecution:

> We recognize that nobody -- there's no testimony to the effect that Mr. Nastri was approached by a police officer or an EnCon officer saying if you carry a handgun in state parks, we're going to prosecute you, but the statute itself, the accompanying counts of the regulation itself, the accompanying consequences of that regulation are sufficient notice to Mr. Nastri that he does face a threat of prosecution if he carries his handgun into a state park or forest in violation of that regulation.

(*Id.* at 355.)

In sum, Plaintiff's argument that he was taken aback by the inclusion of the issue of enforcement of the Challenged Regulation is not a reasonable one, nor is it "manifest injustice" to reject it. Evidence that "was known and available" to Plaintiff when the opposition was filed "cannot be the basis for a successful motion for reconsideration," nor is it evidence of manifest injustice—instead, it demonstrates only that Plaintiff had evidence that he may have strategically determined was not necessary, and that he now regrets his choice.[3] *Gladstein v. Goldfield*, No. 3:18-CV-0926 (VAB), 2021 WL 1049898, at *5 (D. Conn.

---

[3] The Court also notes that the complaint was dismissed without prejudice, as required for a dismissal for lack of standing, leaving Plaintiff with the option of seeking to file an amended complaint incorporating the additional facts he now marshals.

7

Mar. 19, 2021). A chance to relitigate an issue under a different strategy or with different evidence is instead exactly the sort of "second bite at the apple" that makes reconsideration inappropriate. *Analytical Survs., Inc.*, 684 F.3d at 52. Motions for reconsideration "are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision," *Rich*, 2009 WL 236055, at *1, and "shall be granted only if the court has overlooked controlling decisions or factual matters *that were put before it on the underlying motion* and which, had they been considered, might have reasonably altered the result before the court," *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (emphasis added).[4]

## IV.   Conclusion

Plaintiffs' motion for reconsideration is DENIED. The Clerk is directed to notify the Second Circuit that a decision has been issued on the motion and to close this case.

---

[4] Plaintiff cites no cases in which the court granted a motion to reconsider premised on evidence available at the time the substantive motion was decided. The Court located one case in which a district court considered evidence newly brought to its attention despite there being "no legitimate reason" why it was not cited to or proffered during the substantive briefing on the issue, but only because it was "unambiguous" and definitively settled the legal question, leading the court to reconsider and dismiss the claims in question "for the sake of judicial efficiency." *Fund Liquidation Holdings LLC v. UBS AG*, No. 15 CIV. 5844 (GBD), 2022 WL 3904556, at *4 (S.D.N.Y. Aug. 30, 2022). Here, the evidence does not unambiguously decide the question of standing but would instead require the Court to resolve the objection to the admissibility of the produced information, reopen the hearing, and conduct further legal analysis on whether the evidence is sufficient to confer standing; *Fund Liquidation Holdings LLC* is thus distinguishable.

8

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of August, 2023